# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRIFFITH LABORATORIES INC., *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 15 C 4391<br>) |
| KANCOR INGREDIENTS LTD., *et al.*, | ) Judge Jorge L. Alonso<br>)<br>) |
| Defendants. | )<br>) |
| KANCOR INGREDIENTS LTD., | )<br>)<br>) |
| Crossclaim Plaintiff, | )<br>) |
| v. | )<br>) |
| BALMER LAWRIE VAN LEER LTD., | )<br>) |
| Crossclaim Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Balmer Lawrie Van Leer Ltd.'s ("BLVL") motion to dismiss the first amended complaint and crossclaim [52] pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, BLVL's motion is granted.

## BACKGROUND

In this products liability case, plaintiffs Griffith Laboratories and Innova ("Griffith") allege as follows. In early 2013, defendant Kancor Ingredients Limited ("Kancor") supplied Griffith with an ingredient (Oleoresin Paprika or "OR Paprika") for use in liquid pepperoni seasoning that plaintiffs sell to pepperoni manufacturers. (Am. Compl. ¶ 15.) Kancor delivered two specific OR Paprika batches to Griffith in plastic containers manufactured by BLVL. (*Id.* ¶

16.) Those two OR Paprika batches were used to make two seasoning lots that then ended up in five different liquid pepperoni seasoning lots. (*Id*. ¶ 17.) From there, the five liquid seasoning lots were sent to two of plaintiffs' customers and used to flavor those customers' meat products that were later used on an unnamed pizza franchisor's pizzas. (*Id*. ¶ 18.) In February 2013, two of Griffith's customers informed Griffith that small pieces of plastic had been found in their liquid pepperoni seasoning lots. (*Id*. ¶¶ 19-20.) Accordingly, Griffith screened its remaining inventory of OR Paprika and found more plastic pieces. (*Id.* ¶ 21.) Griffith had those plastic pieces tested and confirmed that they were polypropylene copolymer, of which they believe the BLVL containers, used to ship the OR Paprika, were made. (*Id*. ¶ 22.) In mid-2013, after plaintiffs visited Kancor and BLVL's manufacturing facilities and observed similar pieces of plastic lying on and near the filling line, plaintiffs paid their two customers over $900,000 to settle the claims made against them over the plastic contamination. (*Id*. ¶¶ 23-26.) Griffith now seeks contribution from Kancor and BLVL under the Illinois Joint Tortfeasor Contribution Act, for the claims paid and profits lost as a result of the plastic contamination. (*Id*. ¶¶ 28-29.)

In its crossclaim against BLVL, Kancor alleges that if the OR Paprika delivered to Griffith contained plastic particles, that contamination was caused by defects in the containers Kancor received from BLVL. (Crossclm. ¶ 5.) Kancor seeks indemnification for all losses, costs, and damages caused by BLVL's allegedly defective containers. (*Id.* ¶¶ 13-14.)

**STANDARD**

"A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant." *In re First Farmers Fin. Litig.*, No. 14-CV-7581, 2017 WL 85442, at *3 (N.D. Ill. Jan. 10, 2017). If a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of making a prima facie case for personal jurisdiction. *uBID, Inc., v.*

*Go Daddy Grp., Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010). The Court takes "the plaintiff's asserted facts as true and resolve[s] any factual disputes in its favor." *Id*. If, however, the plaintiff does not refute facts contained in the defendant's affidavit, the Court will accept those facts as true. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## DISCUSSION

In support of its motion to dismiss, BLVL asserts that the Court does not have general personal jurisdiction over it because it is headquartered and incorporated in India. (Def.'s Mem. at 1.) BLVL also argues it is not subject to specific personal jurisdiction because BLVL did not purposely avail itself of the Illinois market, the claims against it do not arise out of its contacts with Illinois, and exercising jurisdiction over it would offend traditional notions of fair play and substantial justice. (*Id*. at 2.)

**General Jurisdiction**

BLVL relies on its location and headquarters and also asserts that the Court should not exercise general jurisdiction over it based on Greif Inc. (a BLVL corporate "grandparent") and American Flange's (a BLVL customer) contacts with Illinois. (Def.'s Mem. at 7-8.) BLVL argues that it has no operations in Illinois and that its sale of steel closures to American Flange in Illinois does not trigger personal jurisdiction here. (*Id*. at 8-10.) Griffith disagrees, arguing that 1.92% of BLVL's annual sales are made to American Flange and constitute continuous and systematic sales to Illinois sufficient to justify its filing suit here. (Griffith Resp. at 2-3.) Kancor concurs and asserts that in the first quarter of 2016, BLVL shipped more than $300,000 of products to Illinois. (Kancor Resp. at 2.) Additionally, Griffith asserts that BLVL promotes its

products in the United States through industry websites. (Griffith Resp. at 2.)[1] Griffith also contends that Greif Inc., an Ohio corporation, became BLVL's partner at some unspecified point and owns 48% of BLVL. (*Id*. at 3-4.)[2] Griffith argues that BLVL has links to Illinois by virtue of Greif Inc.'s sales facility in Alsip, Illinois as well as BLVL's division Tri-Sure, which has an office in Carol Stream, Illinois. (*Id*. at 4-5.)[3] Additionally, Griffith asserts that BLVL continued to take orders and sell plastic containers to Kancor after being put on notice of the plastic contamination losses and with specific knowledge that some of the containers would be sent to Illinois. (*Id*. at 6.) Finally, Griffith disputes that BLVL would suffer a hardship by having to litigate this case here. (*Id.* at 7-8.)[4] In its reply, BLVL asserts that plaintiffs' arguments rely on outdated law that is no longer applicable. (Def.'s Reply at 4, 6.) Further, BLVL argues that Griffith has not introduced any evidence demonstrating that BLVL exercises a high degree of control over any other entity or vice versa and it therefore cannot be subject to jurisdiction based on Greif Inc. or American Flange/Tri-Sure's contacts with Illinois. (*Id*. at 7.)[5]

"General jurisdiction is all-purpose; it exists only when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wis., Inc.,* 783 F.3d 695, 697-98 (7th Cir. 2015)

---

[1] BLVL indicates that it offers its plastic containers and steel drum closures in the United States at www.b2bplasticworld.com/company/balmer-lawrie-van-leer-ltd-5406-about-us (last accessed February 8, 2017).
[2] www.balmerlawrie.com/pages/viewpages/11 (last accessed February 8, 2017).
[3] Griffith asserts that American Flange and Tri-Sure are both divisions of BLVL and are in fact the same company. (Griffith's Resp. at 5.) It offers invoices and a BLVL certificate of compliance as evidence. (*Id.* Exs. 14-15.) BLVL responds by arguing that these exhibits are inadmissible because Griffith has not laid a foundation pursuant to Fed. R. Evid. 803(6). (Def.'s Reply at 3.) The Court agrees and sustains defendant's objection because neither Griffith's nor Kancor's affidavits address these exhibits or attempt to lay a foundation for them. *See Castro v. DeVry Univ., Inc.,* 786 F.3d 559, 578 (7th Cir. 2015) (documents were properly excluded when plaintiff failed to submit a declaration laying a business records foundation).
[4] Griffith asserts that BLVL has hired competent Illinois counsel and that accommodations can be made for depositions and other evidence that might be necessary for trial. (Griffith Resp. at 7-8.)
[5] BLVL asserts that its Tri-Sure division, which manufactures steel closures, is entirely distinct from American Flange/Tri-Sure North America, a subsidiary of Greif Inc. (Def.'s Reply at 8-9; Suppl. Silva Decl. ¶¶ 10-11, 13.) BLVL further asserts that it does not own or operate www.tri-sure.com, the website listed under American Flange's address on its invoice for steel closures. (Suppl. Silva Decl. ¶ 12.)

(internal quotations and citations omitted). In two recent Supreme Court decisions, the Court "made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011) (general jurisdiction may be asserted over a foreign corporation when its continuous and systematic affiliations cause it to be at home in the forum State.) "[T]he inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at 919).

BLVL is an Indian company headquartered in Mumbai. (Def.'s Mem. Ex. 1, Silva Decl. ¶ 4.)[6] It is owned by Greif International (a Dutch corporation)[7] and Balmer Lawrie (an Indian corporation). (*Id.* ¶ 5; Suppl. Silva Decl. ¶¶ 7-8; Def.'s Reply Ex. A at 29, 30, 44, 79.)[8] None of these entities are at home in Illinois. Neither BLVL's annual sales to American Flange (a Delaware corporation registered in Illinois)[9] nor its web presence render BLVL at home in Illinois. *See Nicholson v. E-Telequote Ins. Inc.,* No. 14-CV-4269, 2015 WL 5950659, at *4 (N.D. Ill. Oct. 13, 2015) ("[D]oing 10 percent of your business in Illinois does not make a

---

[6] In a footnote and without citing any authority, plaintiffs ask the Court to strike Silva's affidavit because it is not properly notarized. The Court notes that Silva titles his statements as declarations, not affidavits. Because the declarations meet the requirements of 28 U.S.C. § 1746, the Court declines to strike them. *See Mazeika v. Architectural Specialty Prods., Inc.,* No. 05 C 415, 2006 WL 2850480, at *1 n.1 (N.D. Ill. Sept. 29, 2006) (overruling plaintiff's objections to defendant's declarations because the statements therein were declared true under penalty of perjury and the declarations were signed and dated in accordance with 28 U.S.C. § 1746).
[7] Greif International is a subsidiary of Greif Inc. (Silva Decl. ¶ 24.)
[8] The Court is not persuaded by Griffith's internet research offered to refute BLVL's declarations. *See United States v. Jackson,* 208 F.3d 633, 637 (7th Cir. 2000) ("[A]ny evidence procured off the internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.").
[9] American Flange is a subsidiary of Greif Inc. (Am. Compl. ¶ 11; Crossclm. ¶ 9; Silva Decl. ¶ 24.) American Flange has done business as Tri-Sure North America and Tri-Sure USA, but has not owned any shares of BLVL since 1994. (Silva Decl. ¶ 24.) BLVL has a Tri-Sure division that is entirely distinct from American Flange/Tri-Sure North America. (Suppl. Silva Decl. ¶¶ 10-11.)

corporation at home in Illinois."); *see also be2 LLC v Ivanov,* 642 F.3d 555, 558-59 ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market."). Accordingly, the Court does not have general jurisdiction over BLVL. *See Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1029 (N.D. Ill. 2015) (sales in the forum unrelated to the underlying issue did not establish personal jurisdiction.)

**Specific Jurisdiction**

BLVL contends that the Court does not have specific jurisdiction over it because BLVL does not market or sell, directly or through a third-party distributor, plastic containers in Illinois, or anywhere else in the United States. (Def.'s Mem. at 11-12.) BLVL argues that its plastic containers made their way to Illinois through Kancor's unilateral acts. (*Id*. at 12.) Moreover, BLVL asserts that Griffith and Kancor's claims against it arise out of BLVL's contacts in India, not Illinois. (*Id*. at 13.) The transaction between Kancor and BLVL for the plastic containers took place exclusively in India. (*Id*. at 5.) BLVL did not request or direct Kancor to use the plastic containers in Illinois, and after BLVL shipped the containers to Kancor in India, it had no control over them. (*Id.* at 5, 12.) Finally, BLVL argues that it would be unreasonable as a matter of law for the Court to exercise jurisdiction over it. (*Id*. at 14-15.) Griffith counters that BLVL's activities satisfy all of Illinois's Long-Arm Statute requirements sufficient to support a finding of specific personal jurisdiction. (Griffith's Resp. at 9.) Specifically, Griffith asserts that BLVL transacts business in Illinois through American Flange (Tri-Sure), has sufficient minimum contacts in Illinois, and placed the plastic containers into the stream of commerce knowing that they would end up in the United States, including Illinois. (*Id*. at 9-11.) BLVL argues that it is not subject to specific jurisdiction under the constitutional test and therefore the Court does not need to consider Illinois' Long-Arm Statute. (Def.'s Reply at 9.) Further, BLVL asserts that a

stream-of-commerce theory does not apply because Kancor is BLVL's customer, not its distributor, and BLVL did not engage in any efforts to serve Illinois markets. (*Id*. at 10-12.) BLVL contends that even if it had knowledge that its product would be distributed in Illinois, that alone is not a sufficient basis to confer jurisdiction in Illinois. (*Id*. at 11.) BLVL also argues that its sales of a different product in Illinois cannot support the exercise of specific jurisdiction. (*Id*. at 13.) Finally, BLVL reiterates that the exercise of jurisdiction over it would be inconsistent with traditional notions of fair play and substantial justice. (*Id*. at 14-15.)

"Specific personal jurisdiction is appropriate where (1) the defendant has purposely directed his activities at the forum state or purposely availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's fourm-related activities." *N. Grain Mktg., LLC, v. Greving,* 743 F.3d 487, 492 (7th Cir. 2014).[10] "The exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *Id*.

BLVL's containers made their way to Illinois through Kancor's unilateral acts, and BLVL does not market or sell plastic containers in Illinois. Neither Griffith nor Kancor has submitted evidence that BLVL knew that Kancor would use (or continue to use) its containers in Illinois.[11] Further, Griffith and Kancor's claims against BLVL arise from alleged acts and omissions that occurred in India, not Illinois. Accordingly, this Court does not have specific personal jurisdiction over BLVL. *See Lorusso v. Menard, Inc.,* No. 15-CV-7208, 2016 WL 704839, at *2 (N.D. Ill. Feb. 23, 2016) ("It is not enough that the defendant expected or

---

[10] The tests for personal jurisdiction under the United States Constitution and the Illinois Constitution "are not necessarily co-extensive, but to the extent they diverge, the Illinois constitutional standard is likely more restrictive than its federal counterpart." *KM Enters., Inc. v. Glob. Traffic Techs.,* 725 F.3d 718, 732 (7th Cir. 2013). If the Court does not have personal jurisdiction over BLVL "under federal constitutional standards, then we need not worry whether jurisdiction is also proper under the Illinois Constitution." *Id*.
[11] Kancor submitted a declaration asserting that BLVL knew that Kancor would ship its containers to the United States, but not Illinois specifically. (Varghese Decl. ¶¶ 4, 6, 7.)

predicted its goods would end up in the forum state. Rather, the defendant must have targeted the forum state through some affirmative act."); *see also Appjigger GmbH v. Blu Prods., Inc.*, Case No. 14 C 9650, 2015 WL 3463413, at *6 (N.D. Ill. May 29, 2015) (no personal jurisdiction when the record failed to demonstrate that defendants knew that stores in Illinois carried their product or intended their products to be sold there); *see also RAR, Inc., v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1290 (7th Cir. 1997) (no personal jurisdiction in Illinois where "[m]ost of the activity . . . took place in Scotland" and even though plaintiff "claims [defendant] should have known parts were ultimately going to Illinois, [defendant's] contractual obligation was limited to getting the items to [Detroit].") BLVL's sales of a different product (steel closures) in Illinois (to American Flange) does not allow the Court to exercise specific personal jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball*, *Inc.,* 751 F.3d 796, 801 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state.").

Even if jurisdiction did exist, requiring BLVL to defend a lawsuit in Illinois would be unreasonable. BLVL is an Indian company primarily doing business there, and this dispute, at least as it relates to BLVL, is about indemnifying Kancor. Kancor is also based in India, and because the transaction between BLVL and Kancor took place there, Indian law, not Illinois law, would likely govern indemnification. Griffith can proceed in Illinois against Kancor, so any interest the State of Illinois has in adjudicating injuries that occurred here will not be subverted by dismissing BLVL. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, *Solano Cty.,* 480 U.S. 102, 116 (1987) ("Considering the international context, the heavy burden on the alien defendant, and the slightest interests of the plaintiff and the forum State, the exercise of personal jurisdiction . . . in this instance would be unreasonable and unfair."). Because BLVL is not at

home in Illinois, has not purposely availed itself of Illinois, the injury does not arise out of its Illinois-based activities, and exercising jurisdiction here would offend traditional notions of fair play, it is dismissed as a defendant for lack of personal jurisdiction.

## CONCLUSION

For the aforementioned reasons, defendant BLVL's motion to dismiss is granted.

**SO ORDERED.**                                              **ENTERED:   February 8, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**